CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 18 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN DAVID LANCASTER, | ) | CASE NO. 7:15CV00210 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| GERALD A. MCPEAK, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

John David Lancaster, a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 against Gerald A. McPeak, the superintendant of the New River Valley Regional Jail ("the jail"). Lancaster alleges that jail officials have refused to provide him with toothpaste for sensitive teeth, in violation of his constitutional rights, so he seeks an immediate transfer to a Virginia Department of Corrections ("VDOC") prison, where he can purchase this item. "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity[,]" and "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . ." 28 U.S.C. § 1915A(a)-(b)(1). Upon review of Lancaster's complaint, the court concludes that he has no legal basis for a § 1983 claim against the defendant and, therefore, will dismiss this case without prejudice.

Lancaster alleges he has ground his teeth for many years, causing a breakdown of the enamel. As a result, his teeth are sensitive to hot, cold, and sweet substances. At his dental exam on January 23, 2015, the dentist allegedly recommended that he purchase Sensodyne toothpaste. When Lancaster filed requests for the jail medical staff to provide him with this

toothpaste, they refused, even when Lancaster promised to reimburse them for the cost. Lancaster now wants to be transferred to a VDOC prison where he can obtain Sensodyne.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). Lancaster fails to state any § 1983 claim against Gerald McPeak, because he fails to state facts showing that McPeak has taken any specific action in violation of his constitutional rights. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (finding that "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights"). Lancaster does not show that McPeak had any personal involvement in the toothpaste negotiations[1] or that McPeak has any authority to transfer him to a VDOC facility until VDOC officials approve the move.

Moreover, the delay in transferring Lancaster does not give rise to a constitutional claim against anyone. An inmate has no constitutional right to be assigned to any one prison facility over another, even when the conditions in one facility are more favorable than in other facilities. Meachum v. Fano, 427 U.S. 215, 223-224 (1976); Moody v. Daggett, 429 U.S. 78, 88 (1976). In addition, a state official's failure to abide by state procedural laws or rules regarding prison matters is not a federal due process issue and is, therefore, not actionable under §1983. Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990). Therefore, even if Lancaster has

---

[1] McPeak may rightfully rely on his medical staff to determine what dental products are medically necessary for inmates at his facility. See Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995) (citing Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990)). Moreover, the court cannot find that Lancaster has a constitutional claim against anyone at the jail, related to the recommended treatment for his sensitive teeth. See Estelle v. Gamble, 429 U.S. 97, 105 (1976) (finding that to state Eighth Amendment claim for denial of medical care, inmate must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need); Germain v. Shearin, 531 F. App'x 392, 395 (4th Cir. 2013) (finding deliberate indifference standard "is not satisfied by . . . mere disagreement concerning '[q]uestions of medical judgment'") (quoting Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975)).

some protected right under state law to be transferred to a VDOC facility within a set time, a state official's violation of state law is not actionable under § 1983.[2]

For the reasons stated, the court concludes that Lancaster's submissions do not state any claim of constitutional significance actionable under § 1983 against McPeak. Therefore, the court will dismiss the complaint without prejudice, pursuant to § 1915A(b)(1), as frivolous.

ENTER: This 18th day of May, 2015.

/s/ Jackson Conrad
Chief United States District Judge

---

[2] Section 1983 was intended to protect only federal rights guaranteed by federal law and not to vindicate tort claims for which there are adequate remedies under state law. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Any claims Lancaster may be asserting under state law are thus not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction over them in this action. See 28 U.S.C. § 1367(c).